UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**UNITYED STATES OF AMERICA,**
    **Appellee,**

vs.                                          Appeal No. 14-13703

**NAJMA AZMAT,**
    **Appellant.**
_____/

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE CLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1-1, I hereby certify that the following named persons are parties interested in the outcome of this case:

    Azmat, Najam – Defendant/Appellant

    Buerstatte, Jeffrey – Office of the U.S. Attorney

    Burns, David M. – terminated CJA Apptd. counsel for Najam Azmat

    Carreras, Candace Anne – Co-Defendant

    Clark, Sean Michael - Co-Defendant

    Durham, James D. – Office of the U.S. Attorney

    Gilluly, E. Gregory, Jr. – Office of the U.S. Attorney

    Kent, William Mallory - Appellate Co-Counsel for Najam Azmat

    Kettel, David A. – terminated counsel for Adelaida M. Lizama

    Knoche, Karl Irving – Office of the U.S Attorney

    Lizama, Adelaida M. – Co-Defendant

C 1 of 2

Morford, Shelly Lynn – Co-Defendant

Moore, Honorable William T., Jr. – District Court Judge

Nye, Robert N. III – terminated counsel for Daniel John Wise

Pate, Page A. – terminated counsel for Candace Anne Carreras

Phillips, Robert P. III – terminated CJA Apptd. counsel for Sean M. Clark

Rafferty, Brian T. - Office of the U.S. Attorney

Rodman, Anne Parnell – terminated CJA Apptd. counsel for Shelly Morford

Smith, Honorable G. B. - Magistrate Judge, United States District Court

Tarver, Edward J. – Office of the U.S. Attorney

Wade, Julie M. – terminated counsel for Adelaida M. Lizama

Wise, Daniel John – Co-Defendant

Withers, Thomas A. – Counsel for Najam Azmat

C 2 of 2

THE LAW OFFICE OF
WILLIAM MALLORY KENT
24 NORTH MARKET STREET, SUITE 300
JACKSONVILLE, FLORIDA 32202

CRIMINAL DEFENSE
IN FEDERAL AND STATE COURTS
TRIAL - APPEAL - POST-CONVICTION RELIEF

TELEPHONE (904) 398-8000
FAX (904) 348-3124
EMAIL KENT@WILLIAMKENT.COM

October 8, 2015

Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re:  United States v. Najam Azmat, Appeal Number 14-13703-EE
     Supplemental Letter Brief

Dear Sir:

During oral argument of this matter conducted September 29, 2015, the Honorable Gerald B. Tjoflat raised a question whether the *Daubert* issue, which was the exclusive subject of the oral argument, had been properly preserved for harmless error review. In its Answer Brief, the Government had argued that the defense had waived or invited any *Daubert* error by the statement made by the defense when the Government tendered its expert witness, Dr. Kennedy, at trial. During argument Judge Tjoflat suggested that even if the Court agreed with the defense that the error was not invited by the comments made by defense counsel when the expert was tendered, that by not moving to strike the testimony of the expert, after he had then testified to the objectionable opinions, the error was now subject to plain error review.

Counsel for appellant Azmat requested permission to file a supplemental letter brief on this point, and was granted permission to do so. This is Dr. Azmat's response to the Court's suggestion.

This question is resolved in Azmat's favor by the 2000 amendment to Rule 103(b), F.R.Evid. Rule 103(b) provides:

(b) Not Needing to Renew an Objection or Offer of Proof. Once the court rules definitively on the record — either before or at trial — a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

The Committee Notes to the 2000 amendment explain:

> The amendment applies to all rulings on evidence whether they occur at or before trial, including so-called " in limine " rulings. One of the most difficult questions arising from in limine and other evidentiary rulings is whether a losing party must renew an objection or offer of proof when the evidence is or would be offered at trial, in order to preserve a claim of error on appeal. Courts have taken differing approaches to this question. Some courts have held that a renewal at the time the evidence is to be offered at trial is always required. See, e.g., *Collins v. Wayne Corp.*, 621 F.2d 777 (5th Cir. 1980). Some courts have taken a more flexible approach, holding that renewal is not required if the issue decided is one that (1) was fairly presented to the trial court for an initial ruling, (2) may be decided as a final matter before the evidence is actually offered, and (3) was ruled on definitively by the trial judge. See, e.g., *Rosenfeld v. Basquiat*, 78 F.3d 84 (2d Cir. 1996) (admissibility of former testimony under the Dead Man's Statute; renewal not required). Other courts have distinguished between objections to evidence, which must be renewed when evidence is offered, and offers of proof, which need not be renewed after a definitive determination is made that the evidence is inadmissible. See, e.g., *Fusco v. General Motors Corp.*, 11 F.3d 259 (1st Cir. 1993). Another court, aware of this Committee's proposed amendment, has *adopted its approach. Wilson v. Williams, 182 F.3d 562 (7th Cir. 1999) (en* banc). Differing views on this question create uncertainty for litigants and unnecessary work for the appellate courts.
>
> The amendment provides that a claim of error with respect to a definitive ruling is preserved for review when the party has otherwise satisfied the objection or offer of proof requirements of Rule 103(a). When the ruling is definitive, a renewed objection or offer of proof at the time the evidence is to be offered is more a formalism than a

necessity. See Fed.R.Civ.P. 46 (formal exceptions unnecessary); Fed.R.Cr.P.51 (same); *United States v. Mejia-Alarcon*, 995 F.2d 982, 986 (10th Cir. 1993) ("Requiring a party to review an objection when the district court has issued a definitive ruling on a matter that can be fairly decided before trial would be in the nature of a formal exception and therefore unnecessary.").

Here there was no question that the District Court had made a definitive ruling permitting the Government's expert to testify at trial as to his opinion whether the prescriptions at issue were issued in the ordinary course of professional practice and for a legitimate medical purpose applying reliable methodologies.

> After a careful review of the Government's response, the Court finds that the Government has met its burden with regard to both Dr. Kennedy and Dr. Zdanowicz.[1] The proposed testimonies of both experts appear to be the product of reliable methodologies. Accordingly, Defendant's motion is DENIED.

[Doc. 300]

Given the District Court's definitive ruling, defense counsel had no obligation to do anything further to fully preserve the issue for appeal. The District Court had entered a definitive, unconditional written order denying the defense *Daubert* motion. Defense counsel did more than was required when he reminded the trial court, prior to the testimony of the Government's expert, that the defendant had filed a *Daubert* motion and that the court had denied the motion, and he expressly renewed the motion:

> MR. KNOCHE [AUSA]: With that foundation [the foundation for his *qualifications* as an expert, not any opinions nor any methodology for arriving at any opinions], I would like to tender Dr. Kennedy as an expert witness in the field of pain management.
>
> THE COURT: Any *voir dire*?

---

[1] The Government did not call Dr. Zdanowicz as a witness at trial.

> MR. WITHERS [DEFENSE COUNSEL]:   If I could, I would, with - *subject to my previous motion that we filed* [the *Daubert* motion], <u>would renew that</u>, and I understand the Court's ruling.  With respect to the issue of *voir dire*, I think that Mr. Knoche has established the minimum criteria necessary under Rule 702, and I would like to reserve other issues regarding the weight and credibility of that, including his training and experience, with the Court's permission.

[R387-618-619]

Therefore, the *Daubert* issue - defendant-appellant Azmat's objection to the admissibility of the opinion testimony of Dr. Kennedy - was properly preserved by the pretrial ruling on the motion to exclude the testimony.  Azmat was not required to move to strike the testimony after it was given at trial.  To hold otherwise would violate Rule 103(b).[2]

---

[2] Counsel is aware that Judge Tjoflat *dissented* in the denial of rehearing *en banc* in *Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320 (11th Cir. 2012), and in that dissent wrote:

> I dissent from this court's failure to take the case en banc for three reasons. First, a court of appeals cannot set aside a jury verdict and grant a new trial based on an error that was never raised. Rosenfeld challenges a pretrial evidentiary ruling that was provisional. Not only was it provisional as a matter of law; Rosenfeld knew that it was provisional and treated it as such, which is why she proffered the expert's testimony at trial.

> Second, assuming that Rosenfeld's opening and reply briefs accurately portrayed the evidence before the jury and the District Court's reason for rejecting Rosenfeld's trial proffer of the expert's testimony, I find that the panel altogether misapplied Federal Rule of Evidence 702 in ruling the proffer admissible. If left undisturbed, I fear that the panel's holding will cause trial judges either to admit expert opinion testimony that ought to be excluded or to suffer reversal if it is excluded.

> Third, binding precedent and statutory law mandate that a court of

Sincerely,

*William M. Kent*

William Mallory Kent

---

>appeals cannot determine whether a trial judge abused his discretion in denying an appellant's motion for a new trial without a transcript of the testimony presented to the jury and the exhibits introduced into evidence. This is so because no error is reversible unless it is so prejudicial as to affect the appellant's substantial rights. It is the appellant's burden to demonstrate such prejudice, a burden that cannot be satisfied without a record of what the jury heard. The panel relieved Rosenfeld of this burden and ordered a new trial solely on her lawyer's representations that the District Court had misapplied Rule 702.

*Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320, 1322-23 (11th Cir. 2012) (Tjoflat, J., dissenting).

The ruling in Azmat's case was *not* provisional and no one treated it as such. The Government has never argued that the District Court's Order [Doc. 300] was anything but final and unconditional.