UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 14-13703-E

_____

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

vs.

**NAJAM AZMAT,**

Defendant-Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

_____

**GOVERNMENT'S SUPPLEMENTAL BRIEF**

_____

**EDWARD J. TARVER
UNITED STATES ATTORNEY**

James C. Stuchell
Assistant United States Attorney
United States Attorney's Office
22 Barnard Street, Suite 300
Savannah, Georgia 31401
(912) 652-4422
Attorneys for Appellee

# CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Azmat, Najam, defendant

Buerstatte, Jeffrey J., Assistant United States Attorney

Burns, Jr., David M.,

Carreras, Candace Anne, defendant

Clark, Sean Michael, defendant

Durham, James D., First Assistant United States Attorney

Gillen Withers & Lake, LLC

Gilluly, Jr., E. Gregory, Assistant United States Attorney

Katten Munchin Rosenman, LLP

Kettel, David A.

Knoche, Karl I., Assistant United States Attorney

Lizama, Adelaida M., defendant

Moore, Jr., the Honorable William T., United States District Judge

Morford, Shelly Lynn, defendant

Nye & Siamos, PC

Rodman, Anne Pannell

Pate, Page A.

Phillips and Roberts

Rafferty, Brian T., Assistant United States Attorney

Smith, the Honorable G.R., United States Magistrate Judge

Stuchell, James C., Assistant United States Attorney

Tanner, R. Brian, Assistant United States Attorney

Tarver, Edward J., United States Attorney

Wade Law Firm

Wise, Daniel John, defendant

## <u>GOVERNMENT'S SUPPLEMENTAL BRIEF</u>

On appeal, Azmat argues that the government's expert's trial testimony was inadmissible under Fed. R. Evid. 702. (Opening Brief at 35-38; Reply Brief at 15-18.) At the conclusion of oral argument, the Court permitted the parties to file supplemental briefs on the issue of whether, assuming that Azmat did not invite any such error, his failure to move to strike the expert's testimony at trial rendered his argument subject to plain-error review.

### Relevant Proceedings

Prior to trial, the government gave notice of the proposed testimony of two expert witnesses, one of whom was Dr. Gene Kennedy. (Doc. 223.) The other expert did not testify at trial and so is not at issue. Azmat moved to exclude Dr. Kennedy on the ground that his opinions were unreliable because they were allegedly not supported by any objective standards or citations to medical literature, were not testable, had not been subject to peer review and publication, were not widely accepted, and failed to account for alternative explanations of Azmat's conduct. (Doc. 241 at 9-19.)

1

The government filed a comprehensive response. (Doc. 297.) Initially, it listed eight sources on which Dr. Kennedy based his opinions. (Id. at 2.) It enumerated 12 specific pain-management publications Dr. Kennedy had reviewed in preparation for his testimony. (Id. at 3.) It described 15 principles of pain-management treatment options that constituted the standard of care. (Id. at 4-6.) It discussed four specific considerations that, according to the Georgia Composite Medical Board standards relating to unprofessional conduct, indicate that a prescription is outside the course of professional practice. (Id. at 6-8.) It applied the Georgia Composite State Board of Medical Examiners' ten recommended steps to curtail drug diversion while treating chronic pain. (Id. at 8-9.) It related the Federation of State Medical Board's eight guidelines of pain management for reducing risk and improving patient care. (Id. at 9-10.) It summarized seven criteria from the Federation's Model Policy for the Use of Controlled Substances for the Treatment of Pain. (Id. at 10-13.) Finally, it offered 19 different ways in which Azmat acted outside the usual course of professional practice and without legitimate medical purpose in this case. (Id. at 13-15.) In light of these abundant standards, the district

2

court found "that Dr. Kennedy's opinions are the product of a reliable methodology" and so denied Azmat's motion to exclude him. (Doc. 300.)

At trial, the prosecutor demonstrated Dr. Kennedy's status as an expert, including his familiarity with the standards for the prescription of controlled substances in pain management as established by the Georgia Composite State Medical Board, the Federation of State Medical Boards, the Physician's Desk Reference, the Merck Manual, and other medical textbooks. (Doc. 387 at 611-18.) The prosecutor then tendered Dr. Kennedy as an expert witness, and the district court asked defense counsel for <u>voir dire</u>. Defense counsel renewed his unspecified previous motion but allowed that he understood that the district court had denied it. Defense counsel then conceded that the prosecutor "has established the minimum criteria necessary under Rule 702, and I would like to reserve other issues regarding the weight and credibility of that." (<u>Id.</u> at 618-19.) The district court again asked whether defense counsel wanted <u>voir dire</u> on the prosecutor's offer that Dr. Kennedy "be admitted as an expert to testify in the field of pain management." (<u>Id.</u> at 619.) Defense counsel replied: "I do not, Your Honor, and I'll reserve all those other questions with respect to weight and credibility." (<u>Id.</u>)

3

The district court therefore admitted Dr. Kennedy as an expert. (Id.) Defense counsel cross-examined Dr. Kennedy extensively but never moved to strike his testimony for any reason. (Id. at 673-725.)

On appeal, Azmat argues that "Dr. Kennedy gave very few of the opinions which the government represented that he would give at trial." Azmat claims that Dr. Kennedy's actual testimony did not include any of the "arguably relevant opinions" that the government represented he would give. Instead, Azmat maintains, Dr. Kennedy merely described Azmat's actions as "not legitimate" without citing any standards to establish or explain how Azmat's prescriptions fell outside the course of professional practice. Azmat therefore contends that "[t]he majority of the actual opinions given by Dr. Kennedy at trial failed to meet the admission requirements of Rule 702 and Daubert. The opinions were not reliable and were not reasonably applied to facts of the case." (Opening Brief at 36-37.)

## Argument

1.    Azmat waived or invited any error that may have resulted from the admission of Dr. Kennedy's expert testimony.   Under the invited-error doctrine, "if a party waives a procedural right or agrees to

4

the admissibility of certain evidence, he cannot later complain that any resulting error is reversible." United States v. Brannan, 562 F.3d 1300, 1306 (11ᵗʰ Cir. 2009) (citations omitted). When the prosecutor offered Dr. Kennedy as an expert, defense counsel conceded that the prosecutor "has established the minimum criteria necessary under Rule 702." Defense counsel twice declined to voir dire Dr. Kennedy and twice reserved only issues as to the weight and credibility of his testimony. (Doc. 387 at 618-19.) Having explicitly agreed at trial to Dr. Kennedy's admission as an expert witness under Fed. R. Evid. 702, Azmat cannot now complain that the district court abused its discretion by admitting Dr. Kennedy as an expert witness under Fed. R. Evid. 702. (Opening Brief at 35.)

Azmat claims that he only admitted Dr. Kennedy's qualifications as an expert, as opposed to the reliability of his opinions and the admissibility of his testimony. (Reply Brief at 17.) Expert testimony is admissible only if, among other preconditions, "the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(c), (d). By conceding that the prosecutor "established the

5

minimum criteria necessary under Rule 702," defense counsel necessarily conceded that Dr. Kennedy's opinions were reliable and his testimony was admissible.  The only issues that defense counsel reserved were the weight and credibility of Dr. Kennedy's testimony, which of course are irrelevant to its admissibility under Rule 702 and are instead the exclusive province of the jury.

2.     Even if Azmat had not waived this issue by inviting the admission of Dr. Kennedy's expert testimony, his argument on appeal would be subject to review for plain error only.  "To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought."  United States v. Straub, 508 F.3d 1003, 1022 (11th Cir. 2007).  "[A] general objection or an objection on other grounds will not suffice."  United States v. Gallo-Chamorro, 48 F.3d 502, 506 (11th Cir. 1995).

Prior to trial, Azmat moved to exclude Dr. Kennedy on the ground that his opinions, as represented and proffered by the government in its pretrial filings, were unreliable.  (Doc. 241 at 9-19.)  The government responded with a thorough description of the multiple sufficient

standards and authorities that supported Dr. Kennedy's expected

testimony.  (Doc. 297.)  On that basis, the district court denied Azmat's

motion to exclude.  (Doc. 300.)  Had Azmat not conceded the

admissibility of Dr. Kennedy's expert testimony at trial, his pretrial

motion would have been sufficient to preserve an argument on appeal

that the district court abused its discretion by denying his pretrial

motion.  <u>See</u> Fed. R. Evid. 103(b).  But that is not what Azmat actually

argues here.  On appeal, Azmat argues that Dr. Kennedy's trial

testimony was inadmissible because it omitted reference to some of the

standards and authorities that the government in its pretrial filings

represented it would include and on which the district court relied in

denying Azmat's pretrial motion to exclude.  Azmat did not make that

argument to the district court.  Azmat never even suggested to the

district court that Dr. Kennedy's actual trial testimony supposedly

omitted some of those bases, much less argued that those omissions

rendered his testimony inadmissible.  Indeed, Azmat never objected to

Dr. Kennedy's trial testimony at all on any ground.  Because Azmat

failed to apprise the trial court or the government of the particular

7

grounds upon which he now seeks appellate relief, his argument is subject to plain-error review.

3.      Even if Azmat had sufficiently objected, the standard of review for his argument would be abuse of discretion.  The government has already explained in the appellee's brief and at oral argument why admission of Dr. Kennedy's expert testimony easily meets that standard.

## Conclusion

This Court should affirm Azmat's conviction.

This 22nd day of October, 2015.

Respectfully submitted,

EDWARD J. TARVER
UNITED STATES ATTORNEY

*/s/ James C. Stuchell*

James C. Stuchell
Assistant United States Attorney
Virginia Bar No. 41941
James.Stuchell@usdoj.gov

## CERTIFICATE OF COMPLIANCE AND SERVICE

This brief complies with Fed. R. App. P. 32(a)(7)(B) because it contains 1,422 words, excluding parts exempted by subsection (iii).

This brief complies with Fed. R. App. P. 32(a)(5) because I prepared it in Microsoft Word 2010 using Century Schoolbook, a proportionally spaced typeface, with 14-point font.

My office complied with 11th Cir. R. 31-3 by today mailing seven paper copies of this brief to the 11th Cir. clerk's office.

My office complied with 11th Cir. R. 25-3(a) by today filing this brief electronically through the 11th Cir. E.C.F. system.

This brief complies with Fed. R. App. P. 25(d) because its E.C.F. filing constitutes automatic electronic service on William M. Kent, counsel to Appellant, pursuant to 11th Cir. Guide to Electronic Filing R. 7.2.

This 22nd day of October, 2015.

*/s/ James C. Stuchell*

James C. Stuchell
Assistant United States Attorney
Virginia Bar No. 41941
James.Stuchell@usdoj.gov

Post Office Box 8970

9

Savannah, Georgia 31412
Telephone Number: 912-652-4422